SANTIAGO, PLAINTIFF AND APELLEE, *v.* CAPÓ ET AL., DEFENDANTS. (SUCCESSORS OF ARBONA BROTHERS, APPELLANTS.)

APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 3241.—Decided June 16, 1924.

INJUNCTION — PREFERRED CLAIM — ATTACHMENT. — *A* brought an action of debt in a municipal court against *B*, a merchant, and attached his merchandise. Alleging that he had a preferred claim for accrued salary and that an action against *B* to recover it was pending on appeal, *C* brought injunction pro-

ceedings in the district court against *A* and against the marshal of the municipal court to restrain the advertised sale of the attached property. *Held:* That the remedy resorted to by *C* was not available and he should have adopted the remedy prescribed by the Attachments Act in the municipal court.

The facts are stated in the opinion.

*Messrs. López de Tord & Zayas Pizarro* for the appellants.

*Mr. A. Quintana Cajas* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Manuel Cruz Semidey, who was alleged to be insolvent, owed money to Arbona Bros. & Co., merchants of Ponce, and to make its debt the latter, after a suit filed in the Municipal Court of Coamo, attached the merchandise of the said Semidey. Juan A. Santiago was an employee of Semidey and he also placed an attachment for accrued salary in the hands of the marshal of the Municipal Court of Coamo. Then Santiago, in the District Court of Ponce, filed a suit in injunction against Arbona Bros. & Co. and against the marshal. The defendant Arbona Bros. & Co. demurred and submitted its case, and the court rendered judgment for the complainant.

The complaint sets up that Santiago was a preferred creditor and that a suit is pending in the District Court of Ponce on appeal from the Municipal Court of Coamo to recover said sum. The complainant averred that the sale of the goods attached was set for a certain day later than the filing of the injunction suit, and he also alleged that if the sale were made his preferential credit would be lost.

We agree with the appellant that the whole proceeding could have been settled adequately by the Municipal Court of Coamo by virtue of the attachment proceeding and should have been decided there. A court has ample powers under an attachment proceeding. This is the effect of our decision in *Goffinet* v. *Polanco,* 30 P.R.R. 768. The appellee attempts to distinguish the case on the ground that there was no attachment in the *Goffinet Case;* but we were sug-

gesting that such attachment was an available remedy for parties in the execution of a judgment, rather than an injunction. And these considerations would apply if Santiago had a preferential credit by reason of section 1825 of the Civil Code. The appellee seems to think that an attachment and sale would extinguish his right to recovery, as Semidey is insolvent.

What is very evident in this case is that the complaint does not make out such a case as would justify the interference of a court of equity. The appellee has an adequate remedy at law, if not several. He does not show a state of irreparable damages, and his suggestion of the necessity for avoiding a multiplicity does not strike us as tenable.

We may also question whether equity will lend its aid to a simple contract creditor whose claim is not reduced to judgment, but we shall not stop to examine the jurisprudence in this regard.

The judgment must be reversed and the complaint dismissed.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.